254

Jay A. DAVIDSON, Appellant,

v.

Tom DANAHER, d/b/a Danaher Automobile
Company, Appellee.

No. 16565.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 9, 1964.

Kramer & Kramer, and Clayton S.
Kramer, Wichita Falls, for appellant.

Humphrey, Gibson & Darden, and Lynn
Darden, Wichita Falls, for appellee.

RENFRO, Justice.

A 1958 Volkswagen Microbus, owned by
Jay A. Davidson, was destroyed by fire
while in the garage owned by Tom Dana-
her.

Davidson was paid $2,500 by his insurer,
United Services Automobile Association.
Later the insurer, in Davidson's name,
brought suit against Danaher, praying for
recovery for the difference in value of the
Volkswagen before and after the fire.

Danaher pleaded settlement and estoppel.
The causes were severed and in a non-jury
trial judgment was entered for Danaher on
his pleas of settlement and estoppel.

Plaintiff appealed.

Among other findings of the court were:
On May 28, 1959, Jay A. Davidson's 1958
Volkswagen Microbus was a total loss from
a fire in the shop of Danaher Motor Com-
pany; an insurance adjuster investigated
the fire damage between May 28, 1959, and
June 2, 1959; on May 28, 1959, a dispute
arose between the plaintiff Davidson and
defendant as to the liability of defendant to
plaintiff for damage to plaintiff's automo-
bile; that between May 28, 1959, and June
2, 1959, defendant offered to sell plaintiff
Davidson a replacement vehicle for a price
less than defendant's cost; that the replace-
ment vehicle had a value in excess of $2,-
800 and price said vehicle was offered to
plaintiff Davidson was $2,150, which was
less than defendant's cost; that the offer
of defendant to plaintiff Davidson was con-
ditioned on plaintiff Davidson's releasing

defendant of any and all claims or causes of action for damages to plaintiff Davidson growing out of a fire damaging plaintiff Davidson's vehicle on May 28, 1959; that between May 28, 1959, and June 2, 1959, plaintiff Davidson accepted defendant's offer; that on June 2, 1959, defendant sold to plaintiff a replacement vehicle for $2,150; that on June 2, 1959, plaintiff, United Services Automobile Association, paid plaintiff Jay A. Davidson $2,500 under its insurance contract with Davidson and Davidson assigned to United Services Automobile Association his alleged cause of action against defendant; prior to the settlement agreement entered into by and between plaintiff Davidson and defendant Danaher, defendant Danaher had no notice or knowledge of the subrogation interest of the United Services Automobile Association; defendant Danaher would not have sold the new Volkswagen at a discount if he had known he would be required to pay the insurance claim; after plaintiff Davidson received the $2,500 draft issued by United Services Automobile Association, same was endorsed to Danaher for a new car and the difference was paid by Danaher to Davidson; Danaher knew when the U. S. A. A. draft was given him for a new car that some kind of a settlement had been made on Davidson's insurance policy.

The court concluded there was adequate consideration for the settlement; acceptance by Davidson of the consideration estops Davidson from prosecuting the suit, and, since Danaher had no notice or knowledge of insurer's interest prior to the settlement between Danaher and Davidson, insurer has no claim or cause of action against Danaher because its claim would come from Davidson, and Davidson no longer had any claim against Danaher.

Insurer contends the trial court erred in holding: (a) Davidson released Danaher from liability, (b) Danaher did not have notice of insurer's subrogated right, (c) release given by Davidson to Danaher defeated insurer's right of recovery,

and (d) insurer is estopped from asserting a cause of action against Danaher.

 We are of the opinion that there was no direct nor indirect evidence from which the factual finding or conclusion could be drawn that Davidson agreed or intended to release Danaher from any tort liability. An essential element of Danaher's case required proof that Davidson intended that Danaher be fully and finally released from such liability.

If there was such evidence it came from Danaher. Our examination of his testimony reveals that while Danaher intended to effect a release and discharge by selling the replacement vehicle at the discount price, and believed that such had been accomplished, there was want of proof that Davidson had a like intention and understanding. The record fails to establish that Davidson even knew that he was receiving the replacement vehicle at a discounted price. Though we have little doubt that he did know that fact, the requisite of trial procedure would be to establish it by evidence. Even if we should presume that Davidson did know that the price was discounted the record fails to establish that he expressly or impliedly agreed that any part of the consideration therefor involved a release of any cause of action originally belonging to him against Danaher. Danaher testified that he "didn't recall" what Davidson said at the time of the purchase transaction, nor what Davidson did at the time he sold him the automobile. If there was a release it was oral, for there was nothing in writing. Danaher did not remember whether his own actions were inspired or induced by Davidson threatening him or telling him that he owed anything.

 All members of the court are of the opinion the affirmative defense was not fully developed. One member of the court, however, is of the opinion that, as a matter of law, when Danaher accepted the endorsed draft from Davidson, he, Danaher, was "on notice" that the insurance company there-

tofore had succeeded to all or part of the very cause of action presently being asserted.

The majority is of the opinion, in view of the evidence introduced and considering the circumstances as they existed as of May 28–June 2, 1959, the question of whether the draft put Danaher on notice of a subrogation claim in behalf of the insurance company was not fully developed.

In the opinion of the majority, justice will best be served by a remand and a new trial.

Reversed and remanded.

MASSEY, Chief Justice (dissenting).

I am of the opinion that the judgment should be reversed and rendered rather than reversed and remanded. When Danaher accepted the endorsed draft from Davidson, he, Danaher, was "on notice" that the insurance company theretofore had succeeded to all or part of the very cause of action presently being asserted.

In his testimony Danaher admitted that when he saw the draft he knew that Davidson's insurance company had made some sort of a settlement with him under and by virtue of the loss and damage Davidson sustained as result of the fire. The draft did not bear language which necessarily would have put Danaher on notice of such fact. I see no distinction to be made, however, were the case one where such language did appear—and was observed at the instant it was tendered.

Danaher was bound to have been aware that some sort of consideration had theretofore passed from the insurance company to Davidson or there would have been no insurance settlement. Necessarily, Danaher must be held to have known as a matter of law (whether or not he knew it as a matter of fact) that all or a part of the cause of action against him, originally Davidson's, had become the property of the insurance company. Under equitable principles, ownership of part, if not all, of Davidson's

cause of action was automatically transferred when the insurance company consummated settlement of Davidson's insurance policy loss. Having knowledge that there had been such a settlement, Danaher, perforce the operation of law, knew as of the time of Davidson's tender that it was of consideration which did not include the release of that part of Davidson's originally owned cause of action which had become the property of the insurance company.

I believe that Danaher must be held to have been informed and aware that Davidson was not tendering him the consideration he had agreed to accept. Although he accepted what was tendered, Danaher may not be heard to contend that he obtained a release of the whole cause of action, for he knew that such was not within the power of Davidson to deliver.